UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA,

Plaintiff,                                    Docket No. 1:20-CV-00809-JD

v.

JIMMY DUCHARME, ET AL.,

Defendants.

**DEFENDANT JIMMY DUCHARME'S
ANSWER, AFFIRMATIVE DEFENSES AND CROSS CLAIMS
AGAINST DEFENDANT ANGELA DUCHARME**

The Defendant, **Jimmy Ducharme,** respectfully answers the Complaint filed against

Angela Ducharme ( "Angela"), Peggy L. Small,  as and only as Escrowee ("Small") and him

("Jimmy" and, collectively with  Angela and  Small, the "Defendants") as follows:

**Jurisdiction, Parties, and Property**

1.  Jimmy admits the allegation made in this paragraph.

2.  Jimmy admits the allegations made in this paragraph.

3.  Jimmy admits the allegations made in this paragraph. By way of further answer,

Jimmy states that when Angela refused to pay the income taxes due the United States as shown

by the joint tax return filed by the parties, he requested on several occasions and finally obtained

an order preventing Angela from taking money from the escrow account referred to in this

paragraph.

8.  The statement made in this paragraph does not require an answer or any other

response.

**Count One**
**(Claim Against Jimmy and Angela Ducharme to**
**Reduce Income Tax Liabilities To Judgment)**

9.      Jimmy admits the allegations made in this paragraph.  Jimmy states by way of

further answer that: (**a**)  Jill Williams, an enrolled IRS agent ("Williams") prepared the tax return

based on financial information provided to her by Angela, who held  and holds herself out to be a

qualified bookkeeper and served as the bookkeeper for Ducharme Construction, LLC

("Ducharme Construction") and Jimmy and Angela,  (**b**) because of her financial expertise and

Jimmy's lack of experience, training and knowledge, Angela  exercised complete dominion and

control over the income of Ducharme Construction and the parties by virtue of being Jimmy's

bookkeeper, wife and attorney-in-fact  pursuant to a power of Attorney given to her by Jimmy

(the "Power of Attorney"), (**c**) at all times material to this Answer, Angela held  the Power of

Attorney and was and is a fiduciary with respect to him when acting pursuant to the

 Power (**d**) Angela stood in a  series of special relationships of trust and confidence at all times

material to this answer,  (**e**) the 2016  Federal Income Tax Return (the "Subject Return"), which

is the subject of the Complaint, included approximately $400,000 withdrawn by Angela  from

Jimmy's and Angela's retirement accounts with RBC Capital Markets, LLC ("RBC" and the

"RBC Accounts"), (**f**) on information and belief, Angela used the Power of Attorney to withdraw

approximately $254,000 from his  RBC Account and approximately $117,000, (**g**) on

information and belief derived from RBC documents, Angela deposited or transferred the

withdrawn funds to an RBC account that stood  and stands in her name today (the "Angela

Account"), (**h**) on information and belief, only Angela  held and holds the powers of application

and withdrawal over the Angela Account, (**i**)  Jimmy did not authorize, instruct, or request

Angela to make the withdrawals or receive any benefit from them to the best of his knowledge

and belief at this time, and (**j**) as a result that Jimmy did not receive in fact or constructively the income that allegedly resulted from the unauthorized withdrawals and is not liable for any taxes, interest or penalties attributable thereto.

10.     Jimmy admits that, based on the 2016 tax return and without regard to  the innocent spouse defense, abatements, potential abatements or an allocation of the tax liability as between the taxpayers based on amended returns, the amount due approximates the "Balance Due" alleged in this paragraph. Except for any allegations specifically admitted herein, Jimmy does not have sufficient information to form a reasonable belief regarding the completeness and truth of the other allegations made in this paragraph and, therefore, denies them.  By way of further answer, Jimmy states that he is entitled to the benefit of the innocent spouse defendant, a first-time abatement and, if a first-time abatement is not available, a reasonable cause abatement that eliminates or reduces his liability to the United States.

11.     Jimmy does not have sufficient information to form a  reasonable belief regarding the completeness and truth of the allegation made in this paragraph and, therefore, denies the allegation.  By way of further answer, Jimmy states that he called this tax issue to the attention of the United States and made every reasonable effort to have the liability determined and  paid by the responsible party.

12.     Jimmy denies the allegations made in this paragraph.

### Count Five
### (Claim Against All Parties To Enforce Federal Tax Liens
### Against Proceeds Of Real Property)

18.     Jimmy incorporates by reference each of his answers and responses to each preceding and succeeding paragraph of this Answer as fully as if set forth at length.

19.     Jimmy admits the allegation made in this paragraph.  By way of further answer, Jimmy states that under New Hampshire law Angela owes him fiduciary, joint tenancy and spousal duties and obligations, including the duty to protect and preserve the value of jointly owned property, that she breached and violated causing him damage, harm and loss.

20.     Jimmy denies that he neglected, refused, or failed to pay the liability described in the Complaint after notice and demand.  Except for the allegation or allegations specifically denied herein, Jimmy does not have sufficient information to form a reasonable belief regarding the completeness and truth of the remainder of the allegations made in this paragraph and, therefore, denies each of them.

21.     Jimmy admits the allegations made in this paragraph.  By way of further answer, Jimmy states that if, and to the extent that he or his property is obligated to pay the taxes resulting from the retirement account withdrawals wrongfully taken by Angela, interest, penalties or any other statutory additions, Angela is liable to him for the amount thereof based on her breach or breaches of fiduciary duty, the conversion of his money and her refusal to pay the tax liability from the proceeds of the sale subject to adjustment between the parties despite repeated demands.

22.     Jimmy admits the allegations made in this paragraph.

23..     Jimmy admits the allegations made in this paragraph. By way of further answer, Jimmy states that he did not have access to the RBC records at the time of filing those motions.

24.     The conclusion of law expressed in this paragraph does not require an answer or any other response.

**WHERERFORE,** Jimmy requests this Court to:

**A.** Abate this proceeding until such time as the Internal Revenue Service has ruled on or the parties have agreed to the availability and effect of the first-time abatement and reasonable cause abatement to be requested by Jimmy and his innocent spouse defense;

**B.** Determine and allocate the amount of the liability of Jimmy and Angela for the amounts claimed by the United States after the conclusion of the administrative and any judicial proceedings involving the abatement requests made by Jimmy and the filing of an amended tax return by Jimmy, if any;

**C.** Grant him such further relief as may be fair and equitable, just or lawful under the circumstances.

**NOTICE OF AFFIRMATIVE DEFENSES**

**25.** Jimmy hereby gives notice that he intends to rely on the following affirmative defenses:

a.       The innocent spouse defense based on the fact that on information and belief his wife Angela kept the family books of account and managed the retirement accounts through the Power of Attorney given to her by Jimmy and that in breach of her duties and obligations to him Angela withdrew approximately $400,000 from the retirement accounts without his authorization or knowledge and concealed the fact that she converted the money by depositing it in an account in her name and over which she had the powers of application and withdrawal.

b.       The right to a first-time abatement with respect to the interest and penalties which the United States seeks to impose on the Defendants.

c.       The right to a reasonable cause abatement with respect to the interest and penalties which the United States seeks to impose on the Defendants.

d.      Estoppel.

e.      Laches.

f.      Waiver.

## FIRST CROSS-CLAIM AGAINST ANGELA
### (Breach of Fiduciary Duty)

26.      Jimmy incorporates by reference each answer, response and allegation made in the preceding or succeeding paragraphs of this Answer as fully as if set forth at length, including without limitation, those made in paragraph 9 hereof.

27.      A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other.

28.      Angela was a fiduciary with respect to Jimmy given the unique degree of trust and confidence that he placed in her as his spouse, bookkeeper and attorney-in-fact.

29.      Angela owed Jimmy the full range of duties imposed on fiduciaries by New Hampshire law, including without limitation, the duties of avoidance of self-dealing, care, honesty, loyalty, reasonable advice and the obligation to place his interests above her own.

30.      The standard of behavior is not honesty alone, but the punctilio of an honor.

31.      Instead of honoring her fiduciary duties to Jimmy, Angela engaged in self-dealing, withdrew and converted his retirement account money to her own use and benefit and caused Jimmy to incur unnecessarily, unreasonably and without any benefit to himself substantial tax liabilities, refused to pay the tax liability determined by Williams and shown on the 2016 tax return from the escrow account so that she could keep the money and allegedly caused accrual of interest, penalties and other statutory additions for which Jimmy is liable according to the United States.

**32.**     Consequently, Angela is liable to Jimmy for the monies taken from his RBC retirement account, the taxes resulting from the withdrawal of his money and hers and any interest, penalties or other statutory additions to tax arising therefrom.

**WHEREFORE,** Jimmy respectfully requests this Court to:

**A.**     Enter a judgment against Angela in his favor in the amount of money withdrawn from his RBC Account -- approximately $254,000 -- plus interest at the statutory rate;

**B.**     Enter a judgment against Angela in his favor in the amount of the taxes, interest, penalties and other statutory additions to taxes for which he is determined to be liable, plus interest at the statutory rate and attorneys' fees, costs and expenses to the extent recoverable; and

**C.**     Grant him such further relief as may prove to be fair and equitable, just or lawful under the circumstances.

**SECOND CROSS-CLAIM AGAINST ANGELA**
**(Conversion)**

**33.**     Jimmy incorporates by reference each answer, response and allegation made in the preceding or succeeding paragraphs of this Answer as fully as if set forth at length, including without limitation, those made in paragraph 9 hereof.

**34.**     Angela exercised dominion or control over Jimmy's retirement money on deposit in his RBC Account over which he had the right to immediate possession and control.

**35.**     Angela took the money and deposited it in an account in her name over which only she had the powers of application and withdrawal.

**36.**     Angela unilaterally and secretly terminated Jimmy's right to possess and control his retirement money.

**37.**     Consequently, Angela unlawfully converted Jimmy's retirement money.

**WHEREFORE**, Jimmy respectfully requests this Court to:

**A.**     Enter a judgment against Angela in his favor in the amount of money withdrawn from his RBC Account -- approximately $254,000 -- plus interest at the statutory rate;

**B.**     Enter a judgment against Angela in his favor in the amount of the taxes, interest, penalties and other statutory additions to tax for which he is  determined to be liable, plus interest at the statutory rate and attorneys' fees, costs and expenses to the extent recoverable; and

**C.**     Grant him such further relief as may prove to be fair and equitable, just or lawful under the circumstances.

### THIRD CROSS-CLAIM AGAINST ANGELA
### (Violation of RSA 353-A)

**38.**     Jimmy incorporates by reference each answer, response and allegation made in the preceding or succeeding paragraphs of this Answer as fully as if set forth at length, including without limitation, those made in paragraph 9 hereof.

**39.**     Angela  is a "person" as that term is defined in RSA 358-A:1(I).

**40.**     Angela committed the acts of misconduct alleged in this Complaint and concealed them by asserting that she did not know where the retirement account money had gone.

**41.**     On information and belief, Angela did not disclose the money on deposit in her secret account on the Financial Affidavit and other disclosures required by the Family Court.

**42.**     An act or practice violates the New Hampshire Unfair Business Practices Act if (a) it offends public policy as established by statutes, the common law, or otherwise - whether, in other words, it is within at least the penumbra of some common-law statutory or other established concept of unfairness; (b) it is immoral, unethical, oppressive, or unscrupulous; or (c) whether it causes substantial injury to consumers or competitors or other businessmen.

**43.** The acts of misconduct and the concealment of those acts constitute unfair or deceptive acts and/or practices in the conduct of a trade or business within the State of New Hampshire, all as defined in RSA 358-A:2.

**44.** As a result, the Defendants are liable to the Plaintiff under the Consumer Protection Act.

**WHEREFORE**, Jimmy respectfully requests this Court to:

**A.** Enter a judgment against Angela in his favor in an amount equal to 3 times the amount of money withdrawn from his RBC Account -- approximately $750,000 -- plus interest at the statutory rate and attorneys' fees;

**B.** Enter a judgment against Angela in his favor in an amount equal to 3 times the amount of the taxes, interest, penalties and other statutory additions to tax for which he is determined to be liable, plus interest at the statutory rate and attorneys' fees, costs and expenses to the extent recoverable; and

**C.** Grant him such further relief as may prove to be fair and equitable, just or lawful under the circumstances.

Respectfully submitted,

Dated: November 5, 2020

/s/ William S. Gannon
William S. Gannon, Esq., NH Bar 892

Attorney for:

**JIMMY DUCHARME**

WILLIAM S. GANNON PLLC
889 Elm St., 4th Floor
Manchester, NH 03101
PH: 603.621.0833
bgannon@gannonlawfirm.com

## CERTIFICATE OF SERVICE

I, William S. Gannon, Esquire, do hereby certify that I have caused the foregoing document to be served electronically on all counsel of record via the Court's Electronic Case Filing System and the following:

Angela Ducharme, 18 Bloomingdale Dr., Nashua NH
Via email to cashducharme@gmail.com

Dated:   November 5, 2020          /s/ William S. Gannon
                                      William S. Gannon, Esq.